UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br>    Brandon Lee Parrish,<br><br>*Debtor*. | Case No:   22-11526<br>Chapter:    7 |
| Brandon Lee Parrish,<br><br>*Plaintiff*,<br><br>v.<br><br>Lowe Realty, Inc.,<br>Kahn, Dees, Donovan & Kahn, LLP,<br>W. Walt Lowe and<br>D. Lynn Lowe,<br><br>*Defendants*. | AP No:    22-_____ |

## COMPLAINT

**COMES NOW** Plaintiff, Brandon Lee Parrish, by and through the undersigned counsel, and presents this complaint for damages and injunctive relief against Defendants, Lowe Realty, Inc., Kahn, Dees, Donovan & Kahn, LLP, W. Walt Lowe and D. Lynn Lowe (collectively, the "Defendants') and alleges as follows:

### INTRODUCTION

1. Plaintiff initiates this *Complaint* because of Defendants' intentional and willful violations of the automatic stay afforded by 11 U.S.C. § 362(a).

2. Regarding such violations, Defendants have continued, despite indisputable notice of the underlying bankruptcy case, to garnish Plaintiff's post-petition earnings in satisfaction of a pre-petition unsecured debt.

1

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), this Honorable Court has jurisdiction of the claims within this adversary proceeding. Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

4. This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b) and 1409. To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to the entry of final orders by this Honorable Court.

## PARTIES

5. Plaintiff, Brandon Lee Parrish, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States Bankruptcy Court for the Southern District of Alabama, and is a debtor in the underlying bankruptcy case.

6. Defendant, Lowe Realty, Inc. ("Lowe"), is an entity incorporated in the State of Indiana, has a principal place of business at 1009 South Burkhardt, Evansville, Indiana, and is a creditor in the underlying bankruptcy case.

7. Defendant, Kahn, Dees, Donovan & Kahn, LLP ("Kahn"), is an entity organized in the State of Indiana, has a principal place of business at 501 Main Street, Suite 305, Evansville, Indiana, and is a creditor and/or the agent of a creditor in the underlying bankruptcy case.

8. Defendant, W. Walt Lowe ("Mr. Lowe"), is believed to be a shareholder of Lowe Realty, Inc. and is a party who is identified as a plaintiff in the unlawful post-petition garnishment action.

9. Defendant, D. Lynn Lowe ("Mrs. Lowe"), is believed to be a shareholder of Lowe Realty, Inc. and is a party who is identified as a plaintiff in the unlawful post-petition garnishment action.

## FACTUAL ALLEGATIONS

10. On July 29, 2022, Plaintiff filed a *Voluntary Petition* and accompanying schedules (collectively, the "Petition") under Chapter 7, Title 11, of the United States Code, with the same being filed in the United States Bankruptcy Court for the Southern District of Alabama and bearing bankruptcy case number 22-11526 ("Bankruptcy Case").

11. Within *Schedule E/F* of the Petition, Plaintiff identified Mr. and Mrs. Lowe, doing business as Walt Lowe Realty, as a creditor holding a claim in the amount of $1,403.25 related to a lawsuit with the number of "82D06-0602-SC-01303" (the "Collection Lawsuit"). Plaintiff identified Kahn as the agent for service of notices in the Bankruptcy Case.

12. Within *Schedule E/F* of the Petition, Plaintiff identified Wright Motors as a creditor holding a claim in the amount of $5,159.38 related to a lawsuit with the number of "82D06-1201-SC-390". Plaintiff identified Kahn as the agent for service of notices in the Bankruptcy Case.[1]

13. The Bankruptcy Noticing Center's ("BNC") *Certificate of Notice* for the *Notice of Chapter 7 Bankruptcy Case* reflects that this document was provided to Kahn, in its capacity as the agent for Lowe, Mr. Lowe and Mrs. Lowe, via first class mail on August 3, 2022.

14. Prior to the filing of the Bankruptcy Case, Kahn, in its capacity as the agent of Wright Motors, instituted a garnishment against Plaintiff's earnings. Within a few weeks of filing the

---

[1] Wright Motors is not a party to this adversary proceeding; however, given that Kahn serves in the capacity as an agent of Wright Motors and that, post-petition, the garnishment of Plaintiff's post-petition earnings ceased within a few weeks post-petition, the allegations related to Wright Motors are provided for the purpose of establishing context and notice.

Bankruptcy Case, the garnishment of Plaintiff's post-petition earnings, related to the prepetition judgment held by Wright Motors, ceased and a check for a portion of said amount was provided to Plaintiff. Accordingly, Kahn, in its capacity as the agent of Lowe, Mr. Lowe and Mrs. Lowe, had indisputable knowledge of the Bankruptcy Case. [2]

15. Notwithstanding the aforesaid, Defendants have engaged and continue to engage in collection activities that are enjoined and prohibited by the automatic stay.

16. Specifically, commencing on August 15, 2022 and continuing through the present payroll period, Kahn, in its capacity as the agent for Lowe, Mr. Lowe and Mrs. Lowe, has garnished Plaintiff's post-petition earnings.

17. The following is a schedule of the dates and amounts garnished, post-petition, by Defendants:

    a. Payroll period      08/15/2022 – 08/21/2022      $50.45

    b. Payroll period      09/05/2022 – 09/11/2022      $69.61

    c. Payroll period      09/12/2022 – 09/18/2022      $72.59

    d. Payroll period      09/19/2022 – 09/25/2022      $149.19

18. As set forth above, Defendants, by and through their agent Kahn, had indisputable notice of the Bankruptcy Case; notwithstanding, Defendants have continued with the unlawful collection efforts. Defendants failed and/or refused to withdraw the garnishment proceeding against Plaintiff's post-petition earnings.

19. Further, regarding notice, the BNC's *Certificate of Notice* establishes that Kahn, in its capacity as the agent for Lowe, Mr. Lowe and Mrs. Lowe, was provided notice of the

---

[2] See footnote 1.

Bankruptcy Case on at least two (2) occasions: 1) as the agent for Wright Motors; and 2) as the agent for Lowe, Mr. Lowe and Mrs. Lowe.

20. Further, in support of adequate notice of the Bankruptcy Case, Kahn caused the garnishment of Plaintiff's post-petition earnings, related to collection of the judgment on behalf of Wright Motors, to cease within a few weeks post-petition.

21. Defendants' violations of the automatic stay are and were intentional and willful in that Defendants committed such acts after notice of the Bankruptcy Case; because of Defendants' intentional and willful violations of the automatic stay, Plaintiff has been forced to retain counsel in this matter.

22. Further, because Defendants' garnishment is interfering with Plaintiff's ability to maintain his household and is interfering with his bankruptcy rights, Plaintiff reasonably believes that the intervention of this Honorable Court is necessary to redress these violations.

23. Defendants' conduct, in its entirety, rises to the level of willfulness and has interfered with the purposes of the Bankruptcy Code.

24. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, fear, frustration, loss of money and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT I
### WILLFUL VIOLATIONS OF 11 U.S.C. §§ 362(a)(1) and (6)

25. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

26. Defendants violated 11 U.S.C. §§ 362(a)(1) and (6) as more so identified herein above.[3]

---

[3] **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

27. Defendants' acts or omissions to act, as described herein above, which Defendants undertook with knowledge of the Bankruptcy Case, constitute intentional and willful violations of the automatic stay.

28. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, fear, frustration, loss of money and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

**PRAYER FOR RELIEF**

**WHEREFORE, the premises considered**, Plaintiff respectfully moves this Honorable Court for an Order, *inter alia*:

a. declaring that Defendants have willfully violated the aforementioned automatic stay provision(s) of 11 U.S.C. § 362(a);

b. awarding to Plaintiff and against Defendants, jointly and severally, actual, compensatory and punitive damages for Defendants' violations of the aforesaid automatic stay provisions of 11 U.S.C. § 362(a), pursuant to 11 U.S.C. § 362(k);

c. awarding to Plaintiff and against Defendants, jointly and severally, the fees, costs and expenses of this litigation, pursuant to 11 U.S.C. § 362(k); and

---

**(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
…
**(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
…

*See* 11 U.S.C. § 362(a).

    d.       awarding such other and further relief as this Honorable Court deems just and appropriate, including the equitable relief requested herein.

**RESPECTFULLY SUBMITTED** this the October 04, 2022.

/s/ Anthony B. Bush
Anthony B. Bush (ASB-7306-A54B)
Attorney for Plaintiff/Debtor

**OF COUNSEL TO BROCK & STOUT, LLC:**
Anthony B. Bush, Esq.
Parliament Place Professional Center
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone: (334) 263-7733
Facsimile: (334) 832-4390
E-mail: anthonybbush@yahoo.com
abush@bushlegalfirm.com

SERVICE ADDRESSES:

Lowe Realty, Inc.
c/o D. Lynn Lowe, Registered Agent
1009 S. Burkhardt
Evansville, Indiana 47715

Kahn, Dees, Donovan & Kahn, LLP
c/o Jeffrey Helfrich, Registered Agent
501 Main Street, Suite 305
Evansville, Indiana 47708

D. Lynn Lowe
1009 S. Burkhardt
Evansville, Indiana 47715

W. Walt Lowe
1009 S. Burkhardt
Evansville, Indiana 47715